Scott P. Shaw, State Bar No. 223592
sshaw@calljensen.com
John T. Egley, State Bar No. 232545
jegley@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel.: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendants Macy's Retail Holdings, Inc.,
Joseph A. Company, LLC, and Belk, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation; JONES JEANSWEAR GROUP, INC., a New York Corporation; MACY'S INC., a Delaware Corporation; JOSEPH A. COMPANY, LLC, a New Jersey Limited Liability Company; BELK, INC., a Delaware Corporation; SEARS HOLDINGS CORPORATION, a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV10-0027 PSG (AJWx)<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS AND INFORMATION**<br><br><br><br>Complaint Filed: January 4, 2010<br>Trial Date: April 19, 2011 |

Pursuant to the Stipulation of the Parties, and good cause appearing the Court hereby orders that:

**STATEMENT OF GOOD CAUSE:** This action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* The parties, who are variously manufacturers and vendors of textile designs and apparel retailers, are direct and/or indirect competitors of each other. A primary element of this case is related to Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost substantial business relating to its copyrighted designs. The parties therefore recognize that extensive discovery requesting information from the parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendants' defenses thereto. There will also potentially be multiple depositions of the parties' employees or agents and third party vendors, customers or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The parties, as competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large. This protective order ("Protective Order" or "Order") is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third parties, including most importantly the parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.

A. **Definition of "Confidential Information"**

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

   (a) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, *et. seq.*, in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

   (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

   (c) is otherwise regarded by a party as being confidential, private, or proprietary in nature; and

   (d) as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, confidential financial information of the parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications.

  2. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

**B. Production of Confidential Information**

  1. All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use,

other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2.  All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, *infra*, prior to disclosure, by use of a reasonably conspicuous and prominent mark.  In the case of documents, the mark shall be on every page.

**C.   Levels of Confidentiality**

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1.  "Attorneys' Eyes Only" -- Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

(a)   Attorneys acting on behalf of the parties in this matter;

(b)   The office personnel employed by the counsel working under the direct supervision of said counsel;

(c)   The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

(d)   Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2.  "Confidential" -- Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

(a)   All "Attorneys' Eyes Only" persons; and

(b)   All employees, officers, and directors of each party of record.

It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

**D.     Depositions**

1.     Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only".  The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.     Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only", only the following persons shall be present for the answer:

i.     Persons authorized under this Order;

ii.    The deponent; and

iii.   The reporter and videographer.

3.     Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4.     A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5.     Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6.  Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

### E. Items Filed with the Court

1.  When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Attorneys' Eyes Only", they shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, after the parties comply with the procedures set forth in Local Rule 79-5 for the filing of records under seal, or as otherwise ordered by the Court. In so doing, they will be filed in a sealed envelope. The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" (OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY") AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

2.  To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

### F. Inadvertent Disclosure

1.  The inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether

the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2.  The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege.  If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

**G.   Acknowledgment of Order**

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign a statement to be delivered to and maintained by the Disclosing Party which states the following:

I have read the PROTECTIVE ORDER issued by the United States District Court for the Central District of California in the matter o of *Star Fabrics, Inc. v. Wal-Mart Stores, Inc., et al.,* Case Number CV10-0027 PSG (CTx) regarding confidentiality of materials designated by the parties and their counsel.  I understand and agree to be bound by the terms of this Order.

**H.   Agreement of Parties to Order**

All parties to this action, their counsel, and all other persons subject to this Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received

from the pertinent Disclosing Party.

In the event that information designated as Confidential Information is contemplated to be used at trial, the Receiving Party seeking to use such information shall give notice to the Court and the Designating Party of its intention to use the Confidential Information at trial sufficiently in advance of its contemplated use so that the Court can have the matter heard.  The Designating Party continues to bear the burden of showing to the Court that there is good cause to keep the materials sought to be used at trial as subject to and treated under the terms of this Protective Order so that the Court may keep the Confidential Information exempt from public disclosure even though the Confidential Information is used at trial.

**I.    Continuing Effect of Order**

At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials.  The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

1.   for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned; and

2.   outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials.

**J.    Additional Relief**

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter

for trial.

To the extent that there are any disputes relating to the Protective Order, such as the designation of confidential documents, Local Rule 37 governs the procedure for resolving such disputes. In making or opposing any motion relating to the designation of Confidential Information, the party seeking to maintain a document under the Protective Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. *See e.g.*, *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

### K.  Use for This Litigation Only

1.  Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.  In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

### L.  Prior Orders

This Stipulated Protective Order shall not affect any prior order of the Court.

M.  **Execution and Counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties hereto and may be submitted as though such signatures were original signatures.

N.  **Agreement to Terms**

The Parties agree to abide by the terms of this Order prior to an Order being entered by the Court and, in the event that such an Order is denied by the Court, the Parties agree to take reasonable efforts to present revised documents such that an Order for Protective Order will be entered by this Court.

**IT IS SO ORDERED.**

Dated: 9/16/2010

_____
UNITED STATES MAGISTRATE JUDGE